Jane L. Moisan, OSB No. 181864
peopleslawproject@gmail.com
PEOPLE'S LAW PROJECT
818 S.W. 3rd Avenue #221-3789
Portland, OR 97204
Phone (971) 258-1292

Maya Rinta, OSB No. 195058
maya@albiesstark.com
Albies & Stark LLC
1 S.W. Columbia Street, Suite 1850
Portland, OR 97205
Phone (503) 308-4770

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MARISA MOON,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF PORTLAND, a municipal corporation, Portland Police Bureau Police Officers JOHN DOEs 1 through 3, (the names John Doe being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,<br><br>        Defendants. | Case No. 3:22-cv-00758-YY<br><br>FIRST AMENDED COMPLAINT<br><br>Violations of Civil Rights: 42 U.S.C. § 1983<br><br>JURY TRIAL DEMANDED |

Plaintiff Marisa Moon, by and through her attorneys, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate Plaintiff's rights under the First,

Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil

Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, with pendant claims under the laws of the State of Oregon.

2. Plaintiff's rights were violated when officers of the Portland Police Bureau unconstitutionally and without any legal basis used unlawful force against her.

3. Ms. Moon is a licensed clinical social worker and holds a bachelor's degree in Child and Family Studies and a Master of Social Work. She frequently attended the George Floyd protests of the summer of 2020. Ms. Moon believes deeply in principles of racial equity, and particularly as applied to the role government agencies play in protecting and serving the community.

4. On August 24, 2020, Ms. Moon was peacefully protesting with a small crowd in a parking lot off North Lombard when officers of the Portland Police Department ran at her and smashed her into a cement wall, breaking her wrist and making no effort thereafter to offer assistance.

5. By reason of Defendants' actions, Plaintiff was deprived of her constitutional rights. Plaintiff seeks an award of compensatory and punitive damages, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## I. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This case is brought pursuant to 42 U.S.C. § 1983 and § 1988 for violations of the First and Fourth Amendments to the Constitution of the United States.

7. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of facts. Plaintiff's state law claims are related to their

federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution. Jurisdiction is also conferred under 28 U.S.C. § 1343.

8. Plaintiff complied with all necessary obligations by submitting a timely notice of claim on February 22, 2021 and pursuant to ORS 30.275 *et seq* ("OTCA") and ORS 12.220 and Oregon House Bill 4212 ("HB 4212"). Plaintiff has complied with all necessary obligations under the OTCA.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon, and because Defendants are subject to personal jurisdiction in the District of Oregon.

## II. PARTIES

10. Plaintiff Moon is a resident of the State of Oregon and Multnomah County.

11. Defendant City of Portland ("City") is a municipal entity created and authorized under the laws of the State of Oregon. The City is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. As a local governmental entity, the City is a suable person under 42 U.S.C. § 1983. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attached to the public consumers of the services provided by the PPB. Per ORS 30.285(1), the City must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action.

12. Defendants JOHN DOEs 1 through 3 ("Individual Defendants") are and were at all times relevant herein, officers, employees and agents of the City's Portland Police Bureau ("PPB").

13. The Individual Defendants are being sued in their individual capacities.

14. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of PPB and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the PPB at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the PPB and incidental to the lawful pursuit of their duties as officers, employees and agents of the PPB.

### III. FACTUAL ALLEGATIONS

15. Plaintiff Marisa Moon ("Ms. Moon") is a licensed clinical social worker and holds a bachelor's degree in Child and Family Studies and a Master of Social Work. She believes deeply in principles of racial equity, and particularly as applied to the role government agencies play in protecting and serving the community.

16. Beginning on May 29, 2020, and every night for several months following, Portlanders demonstrated in Black Lives Matter protests following the murder of George Floyd by Officer Dereck Chauvin of the Minneapolis Police Department, demanding justice for George Floyd and an end to police violence.

17. On August 24, 2020, Ms. Moon attended a Black Lives Matter protest in Portland, Oregon, as she had done on many previous nights.

18. Shortly after 10:00 p.m. on the evening of August 24, 2020, Ms. Moon arrived at the protest via vehicle and parked on N. Lombard near the former Portland Police Association building located at 1868 N. Lombard in North Portland.

19. Ms. Moon headed to the parking lot of Heavenly Donuts at 1915 N. Lombard where they joined the crowd of several hundred other protesters. Ms. Moon began checking on protester safety and well-being. This was consistent with the role Ms. Moon had chosen to take on while attending protests.

20. Upon information and belief, during this time, members of the crowd surrounding Ms. Moon were acting lawfully and nonviolently, and without indication of an imminent breach of the peace. Upon information and belief, the crowd in Ms. Moon's vicinity was not engaged in tumultuous, improper or otherwise harmful conduct.

21. Between approximately 10:00 p.m. and 11:00 p.m., PPB officers wearing number identifiers on the back of their helmets came toward the crowd from south of Lombard and heading north along N. Campbell Ave. and began pushing the crowd east down N. Lombard.

22. Approximately fifteen minutes after the push, PPB advanced again on the crowd, this time indiscriminately unleashing teargas into the crowd and pushing the crowd north into the residential neighborhood north of N. Lombard.

23. Upon information and belief, officers of the PPB began using indiscriminate force to move the crowd and with the intent to cause the crowd to feel alarm and to fear for their physical safety and well-being, or in reckless disregard to the known risk of the same.

24. The teargas caused Ms. Moon to become disoriented and to experience excessive coughing and an almost instant headache which persisted until the following day.

25. PPB officers came out again with increased numbers. This time they came out running, weapons in their hands, again, upon information and belief, to cause people in the crowd distress and to fear for the physical safety if they did not move.

26. While facing N. Lombard Street, and on the curb between N. Campbell and N. Elmore Ave., Ms. Moon became aware of PPB officers coming at her from all directions. Defendants effectively kettled the crowd and detained Ms. Moon, cutting off her egress in all directions. Ms. Moon attempted to move as quickly as she could north and around the west side of the Heavenly Donut shop, in the direction that Defendants seem to be pushing the crowd.

27. Despite her attempts to comply, Ms. Moon had no opportunity to leave the vicinity wherein officers of the PPB had decided to unleash indiscriminate force in an effort to move the crowd. Instead, Ms. Moon was repeatedly sprayed with teargas and struck by officers of the PPB as she attempted to comply.

28. Defendants' conduct in trapping and proceeding to cause indiscriminate injury to the crowd and to Ms. Moon caused Ms. Moon emotional and physical harms.

29. As Ms. Moon attempted to move away from a PPB officer who had just struck her, Defendants John Doe Officers 1-3 bodily slammed into her. Defendants John Doe Officers 1-3 laid their hands on Ms. Moon and caused her head and body to smash into a cement wall and then to the ground.

30. The force of the impact caused two bones in Ms. Moon's right wrist to fracture.

31. Despite having crushed Ms. Moon to the wall and ground, the Individual Defendants failed to make any attempt to offer assistance or help to Ms. Moon.

32. In immense pain, Ms. Moon was assisted off the ground instead by a fellow protester. She immediately knew her wrist had been broken and was experiencing severe pain in her wrist as well as a severe headache from the impact into the wall. Her entire head was in pain from officers' use of teargas at close range.

33. While severely disoriented and in severe pain, Ms. Moon was taken to protest medics who provided a sling for her right arm. Ms. Moon was assisted to her car and was taken to the Sunnyside Kaiser emergency room.

34. While in the emergency department, Ms. Moon was given pain medication and treated for teargas.

35. Ms. Moon was diagnosed with a comminuted right distal radius fracture for which surgery was prescribed and an ulnar styloid fracture.

36. On September 14, 2020, Ms. Moon underwent a surgical procedure implanting screws, plates and wires into her injury. Ms. Moon was placed in a splint and underwent occupational therapy.

37. As a result of the injury, Ms. Moon was left with a permanent scar down the middle of the inside of her right wrist.

38. At no point in during the evening of the protest had Ms. Moon engaged in any conduct beyond passive resistance or posed any threat to persons or property. Upon information and belief, at no point in the evening did any officer of the PPB attempt to arrest or cause charges to be brought against Ms. Moon for any unlawful conduct. Rather, Ms. Moon attended the protest with the intent to exercise her right to free speech.

39. As a result of PPB officers' use of force, Ms. Moon suffered emotional and physical harms, including pain to her wrist, arm, head, neck and back, and resulting in her inability to conduct daily life activities, loss of sleep, loss of income and the incursion of out-of-pocket expenses.

///

## IV.

## FIRST CLAIM
### Violation of the First Amendment
*Pursuant to 42 U.S.C. § 1983 Against the Individual Defendants*

40.     Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

41.     Plaintiff was engaged in constitutionally protected conduct as a member of a protest. As alleged *supra*, the Individual Defendants intentionally or with reckless disregard caused Plaintiff's mental and physical harms. The use of force against Plaintiff was in retaliation for Plaintiff having exercised her free speech rights. Additionally, the use of force against Plaintiff was for the purpose and with the effect of chilling her subsequent exercise of speech.

42.     Defendants, under color of state law, subjected the Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of her rights, privileges and immunities secured by the First Amendment to the United States Constitution, including, without limitation, deprivation of the freedom from retaliation as a nonviolent, nonresisting protester, and for the exercise free speech and the right to assemble.

43.     Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

44.     At all times material, the law was clearly established that Defendants' conduct, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the conduct was unreasonable and violated her clearly established First Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

45. Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's First Amendment rights.

46. As a direct and proximate result of Defendants' unconstitutional and retaliatory acts, Plaintiff suffered physical injury and emotional harms, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

47. Plaintiff is entitled to an award of compensatory damages and an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

## SECOND CLAIM
### Excessive Force in Violation of the Fourth Amendment
*Pursuant to 42 U.S.C. § 1983 Against the Individual Defendants*

48. Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

49. Plaintiff is entitled to be free from unlawful seizure of her person pursuant to the parameters of the Fourth Amendment to the United States Constitution. Defendants violated Plaintiff's rights to be free from undue and unreasonable force when they:

    A. Used tear gas without lawful justification;

    B. Struck her with batons without lawful justification;

    C. Used bodily force against her, slamming her against a cement wall and to the ground causing serious bodily injury; and

    D. Seized and detained her in an unreasonable manner and without lawful justification.

///

50. Defendants committed these acts without forewarning or a proportional threat, and as a result, Defendants were objectively unreasonable and constituted unlawful seizure and excessive force.

51. At all times material, the law was clearly established that Defendants' use of force, in the manner and under the circumstances used against Plaintiff, who was nonviolent and attempting to comply, was objectively unreasonable and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated her clearly established Fourth Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

52. Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

53. As a direct and proximate result of Defendants' unconstitutional and retaliatory acts, Plaintiff suffered physical injury and emotional harms, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

54. Plaintiff is entitled to an award of compensatory damages, and an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

### THIRD CLAIM
### Negligence, a Claim Arising Under ORS 30.265
*Against Defendant City*

55. Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

/ / /

56. The above-described actions of the Individual Defendants created a duty of care to Plaintiff Moon. The above-described actions of the Defendants breached that duty of care.

57. Defendants' above-described individual or cumulative acts were unreasonable and excessively dangerous in light of the risk to Plaintiff and in light of the purported purposes of the acts.

58. In performing the above-described individual and cumulative acts, Defendant City's law-enforcement employees directly and proximately caused Plaintiff physical and/or emotional harm while infringing on Plaintiff's rights to be free from unlawful violence and to attend and engage in constitutionally-protected free-speech activity without threat of chill or retaliation.

59. Plaintiff's physical and emotional harms and injuries were within the general type of potential incidents and injuries that made Defendants' conduct negligent. That is, the acts of Defendant City's law enforcement employees in using indiscriminate force, violence, and collective punishment, as described above, against lawful protestors and/or persons engaged in passive resistance created a foreseeable and unreasonable risk of harm of physical and emotional harms that reasonably would likely result in infringements of Plaintiff's rights to be free from unlawful violence and to attend and engage in constitutionally-protected free-speech activity without threat of chill or retaliation.

60. Defendant City is vicariously and directly liable to Plaintiff for the conduct of the Individual Defendants and the acts and omissions of its law enforcement agents as alleged herein. Plaintiff is entitled to an award of economic and non-economic damages in an amount to be proven at trial.

**REASONABLE ATTORNEY'S FEES AND COSTS**

61. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

62. Plaintiff requests that the Court grant Plaintiff her reasonable attorney's fees in this action.

**JURY DEMAND**

63. Plaintiff requests a trial by jury in this action on each and every one of her damages claims.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants jointly and severally and prays for relief as follows:

a. An award for compensatory non-economic and economic damages in an amount to be determined by a jury and for prejudgment interest on said sums;

b. An award of punitive damages against the individual Defendants;

c. An award of attorney's fees, costs, and disbursements, as pleaded above; and

d. For such other relief as the Court may deem just and proper.

Dated: June 22, 2022

Respectfully submitted,

By: /s/ Jane L. Moisan
Jane L. Moisan, OSB No. 181864
PEOPLE'S LAW PROJECT
Maya Rinta, OSB No. 195058
ALBIES & STARK

*Attorneys for Plaintiff*